**Ex parte ROGERS.**

Civ. No. 54–52.

District Court of Guam.

May 9, 1952.

E. R. Crain, Finton J. Phelan, Jr., Agana, Guam, for petitioner.

James G. Mackey, U. S. Atty., Agana, Guam, Russell L. Stevens, Acting Atty. Gen., Government of Guam, Vahl Vladyka, Asst. Atty. Gen., Government of Guam, for respondents.

SHRIVER, District Judge.

Philip William Rogers petitions for an Order to Show Cause and Writ of Habeas Corpus directed against Carlton Skinner, Governor of Guam and Dai Crisostomo, Chief of Immigration Service, Government of Guam. The show cause order was issued and hearing had. The respondents have moved for an order dismissing the petition. By agreement the petitioner was enlarged on bail pending a determination of the issues involved.

The record is clear as to the facts. The petitioner arrived in Guam in March, 1950. He is a British subject and an Australian citizen and was employed as an engineer on a cargo vessel which carried cargo between Australia and Guam. While in Guam he worked partly on the vessel and partly on shore. Under date of January 16, 1951 the petitioner requested permission from the Government of Guam to remain in Guam for contract employment purposes and under date of March 1, 1951 his request was granted with conditions imposed.

This permission provided in effect that the petitioner could remain in Guam as a contract employee of a named employer for a period of twelve months or until earlier termination of his employment subject to compliance with certain conditions, including the posting of a bond to cover his return passage to Australia. Under date of February 19, 1952 the petitioner requested renewal of his permit for an additional period of one year which request was denied under date of March 19, 1952. With the letter of denial was enclosed a summons from the Guam Immigration Board of Inquiry summoning the petitioner to appear before that Board March 28, 1952 for a hearing unless he desired to depart voluntarily before that date. At that hearing the petitioner was represented by counsel, was advised of his rights and informed that he was charged with remaining in Guam without legal authority. Reference will be made hereafter to the legal questions raised but the Board voted for petitioner's deportation. The Board's recommendation was upheld by the Governor of Guam. A warrant of deportation was upheld by the Governor of Guam. A warrant of deportation was issued and the petitioner was taken into custody. The instant petition followed.

At this point it should be stated that Guam is not a port of entry and the Immigration and Naturalization Service of the United States does not maintain an office or carry out its functions in Guam. Yet due to the needs of the armed services, government contractors and civilian employers, many thousands of aliens have been introduced to Guam for contract employment and it is believed that large numbers of them are in Guam without continuing permission to remain. The basic legal question presented by this petition is as to the authority of the Government of Guam, acting through its respondent Governor, to deport such aliens.

The position taken by the petitioner is that he can only be deported by the Attorney General of the United States, acting through the Immigration and Naturalization Service. The position taken by the respondents is that the Governor of Guam is charged with responsibility for executing the laws of the United States applicable to Guam and the laws of Guam; that in the absence of the Immigration and Naturalization Service, he has the responsibility for enforcing the immigration laws of the United States applicable to Guam, a position which is upheld by that service.

At the request of the Governor of Guam the General Counsel for the Immigration and Naturalization Service issued his opinion No. 56190/17 under date of September 6, 1950. This was approved by the Acting Commissioner. A supplemental opinion was issued March 28, 1952, 56312/888, and approved by the Commissioner. Insofar as related to this case, the opinions hold:

1. The Immigration Act of February 5, 1917, 39 Stat. 874 is applicable to Guam and Guam is included under Sec. 1 of that statute as coming within the definition of "United States;" that the Act of May 26, 1924, 43 Stat. 153 does not include Guam, nor does the Alien Registration Act of 1940, 54 Stat. 670.

2. The Passport Act of 1918, as amended, 40 Stat. 459, 55 Stat. 252 applies to Guam.

3. The primary responsibility for enforcing the Immigration and Naturalization laws is that of the officers of the Immigration and Naturalization Service but that Service does not function in Guam, American Samoa, and in various insular possessions; that even in the Virgin Islands the establishment of complete immigration enforcement facilities was delayed for many years; that in such areas the task of controlling immigration has been fulfilled by the Federal agency, usually the Navy Department, entrusted with the task of local administration in the insular possession.

4. The Organic Act of Guam became effective August 1, 1950, 64 Stat. 384, 48 U.S.C.A. § 1421 et seq. and under Sec. 6(b) the Governor of Guam " * * * shall faithfully execute the laws of the United States applicable to Guam, and the laws of Guam."

5. The Governor of Guam has the authority to enforce the immigration and

naturalization laws of the United States in the absence of the Immigration and Naturalization Service and in doing so he acts not as the agent of the Attorney General of the United States or the Immigration and Naturalization Service but in the exercise of residual authority vested in him by the United States Congress.

In reliance upon the existence of such authority the Governor of Guam under date of March 19, 1952 issued his Executive Order 2–52 in which he established within the Immigration Service of the Government of Guam an Immigration Board of Inquiry to consist of three members appointed by him to be selected from employees of the Immigration Service of Guam and the Department of Law of Guam. The Executive Order requires the Chief, Immigration Service, to designate an immigration officer to investigate aliens believed to be subject to exclusion or deportation from Guam and sets up a procedure for the issuance of summons and the appearance of the alien before the Board. Provision is made for the release of the alien pending hearing and the alien's rights are set forth. The Board is authorized to take evidence and to make recommendations which recommendations are subject to review by the Governor who may approve them or return them for further consideration. If it is held that deportation is indicated the alien may be taken into custody until transportation can be arranged and the Board is directed to utilize wherever applicable the immigration manual for the use of officers and employees of the Immigration and Naturalization Service, United States Department of Justice.

It will be observed that these requirements were followed in the case of the petitioner. No charge was made against the petitioner except that the permit which had been given to him to remain until March 1, 1952 had expired. The petitioner offered no evidence but questioned the jurisdiction of the Board to act. It must be noted that the petitioner was allowed to remain in Guam for private employment purposes in accordance with the conditions he originally requested. He was not admitted as an immigrant for permanent residence but as a contract employee. Even American citizens are not permitted to enter Guam without United States passports and security clearances Cabebe v. Acheson, 9 Cir., 183 F.2d 795.

In Knauff v. Shaughnessy, 338 U.S. 537, 70 S.Ct. 309, 312, 94 L.Ed. 317, the Supreme Court was dealing with the question of the right of an alien to enter the United States rather than the deportation of persons who have gained entry, but the following language appears to me to be in point:

"At the outset we wish to point out that an alien who seeks admission to this country may not do so under any claim of right. Admission of aliens to the United States is a privilege granted by the sovereign United States Government. Such privilege is granted to an alien only upon such terms as the United States shall prescribe. It must be exercised in accordance with the procedure which the United States provides. Nishimura Ekiu v. United States, 142 U.S. 651, 659, 12 S.Ct. 336, 338, 35 L.Ed. 1146; Fong Yue Ting v. United States, 149 U.S. 698, 711, 13 S.Ct. 1016, 1021, 37 L.Ed. 905."

Although the problem is not without doubt and it would certainly be better if it were clarified by specific legislation or by the assumption of its primary responsibility by the Immigration and Naturalization Service of the United States, we are faced with a factual and legal situation which requires a legal determination. It it my view that:

■ 1. The Immigration Act of February 5, 1917, 39 Stat. 874, is by its terms applicable to Guam.

■ 2. The petitioner, as an alien, had no inherent right to enter Guam, Knauff v. Shaughnessy, 338 U.S. 537, 70 S.Ct. 309, 94 L.Ed. 317.

■ 3. The petitioner entered Guam as a contract laborer under specific conditions and remained in Guam under those conditions 8 U.S.C.A. § 136(h).

4. The Governor of Guam has the residual authority to enforce the immigration laws of the United States in default of performance by the Immigration and Naturalization Service of the United States 48 U.S.C.A. § 1422(b).

5. The Governor of Guam established administrative process which gave the petitioner the hearing to which he was entitled, Executive Order 2–52.

6. The hearing developed the fact that the petitioner's right to remain in Guam had expired and he was therefore subject to deportation at the will of the sovereign. United States ex rel. Harisiades v. Shaughnessy, 2 Cir., 187 F.2d 137, affirmed United States Supreme Court, 342 U.S. 580, 72 S.Ct. 512.

An order will be entered dismissing the petition and remanding the petitioner to the custody of the Chief of the Guam Immigration Service.